Wang v. Holder

BIA
A088 805 012

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of July, two thousand thirteen.

PRESENT:
             PIERRE N. LEVAL,
             JOSÉ A. CABRANES,
             ROBERT D. SACK,
                  *Circuit Judges.*

_____

HUI XIA WANG,
          *Petitioner,*

          v.                                    12-22
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:        Thomas D. Barra, New York, N.Y.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Paul Fiorino,
                       Senior Litigation Counsel; Rebekah
                       Nahas, Trial Attorney; Amanda Selvy,
                       Law Clerk, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hui Xia Wang, a native and citizen of the People's Republic of China, seeks review of a December 9, 2011, decision of the BIA denying her motion to reopen. *In re Hui Xia Wang*, No. A088 805 012 (B.I.A. Dec. 9, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case. Because Wang did not exhaust her argument that her motion to reopen demonstrated her eligibility for relief under the Convention Against Torture, we have reviewed the denial of reopening only with respect to asylum and withholding of removal. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). It is well established that the BIA may deny an alien's motion to reopen for failure to demonstrate her *prima facie* eligibility for the underlying relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). To establish eligibility for asylum and withholding

of removal, an applicant, like Wang, who does not rely on past persecution must demonstrate a well-founded fear and likelihood of future persecution, which requires a "showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam).

Wang argues that she demonstrated that Chinese authorities had become aware of her Falun Gong practice based on a letter from her father stating that, in order to establish Wang's eligibility for asylum, he revealed her Falun Gong activities to a local police officer, who responded that the National Security Squad would punish her if she returned to China. However, the BIA reasonably declined to credit the letter because it was: (1) not sworn or notarized; (2) implausible that her father would voluntarily expose her potentially illegal activities; (3) unsupported by the photograph Wang submitted, which only showed her father posing in front of the police station, or any other evidence; and (4) obtained specifically for removal proceedings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *Siewe v.*

3

*Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214-15 & n.5 (BIA 2010) (affording minimal weight to documents obtained solely for removal proceedings), *remanded on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). The BIA also reasonably declined to afford probative weight to the video and photographs of Wang protesting against China's repression of Falun Gong practitioners because they do not sufficiently identify Wang such that Chinese authorities could locate her in China, and are cumulative of similar photographs presented during her removal proceedings. *See* 8 C.F.R. § 1003.2(c)(1) (requiring that material, previously unavailable evidence support a motion to reopen); *Xiao Ji Chen*, 471 F.3d at 342.

Furthermore, even assuming that the police in Wang's village are aware of her activities in the United States, her father noted in his letter that the officer with whom he spoke stated that the local police were not responsible for enforcing laws against the practice of Falun Gong and that the agency charged with that task does not punish individuals who cease their practice upon returning to China. Because Wang's father did not provide her identity

information (i.e., identification number or address in China) to the pertinent enforcement agency and Wang did not assert that she would continue practicing Falun Gong in China, the BIA reasonably found that she failed to establish her *prima facie* eligibility for relief.  *See Hongsheng Leng*, 528 F.3d at 143 (explaining that applicant must demonstrate that his "putative 'persecutor'" is or will become aware of applicant's disfavored activities) (internal citation omitted).  Accordingly, the BIA did not abuse its discretion in denying reopening.  *See id.; Abudu*, 485 U.S. at 104-05.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk